Keene, Appellee, *v.* Schnetz et al.; Schmitt, Appellant.

[Cite as Keene *v.* Schnetz (1984), 11 Ohio St. 3d 35.]

(No. 83-1517—Decided May 16, 1984.)

*Messrs. Critchfield, Critchfield, Critchfield & Johnston* and *Mr. J. Douglas Drushal,* for appellee.

*Mr. John R. Quine,* for appellant.

HOFFMAN, J. The sole issue before this court in the case *sub judice* is whether appellant should have brought his appeal within thirty days or whether he should benefit from the ten-day "grace period" permitted by App. R. 4(A). The rule holds in pertinent part:

"If a timely notice of appeal is filed by a party, *any other party* may file a notice of appeal within ten days of the date on which the first notice of appeal was filed * * *." (Emphasis added.)

The decision whether to invoke this language hinges on whether appellant was an "other party" in the instant case. We hold he was a subsidiary, or separate party in the litigation and his notice of appeal, filed some seven days after the buyers' notice of appeal, was within App. R. 4(A) and thus timely filed.

Although there were two judgment entries filed in the instant case, there was one lawsuit about one land contract. The judgment of the trial court against the appellant-broker was a derivative judgment emanating from the judgment against the buyers.

Appellant's assignment contract with appellee contains provisions, specifically paragraphs six and seven, detailing the consequences of a possible default on the part of the buyers under the land contract. The August 9, 1983 journal entry of the court of appeals dismissing appellant's cause precludes him from enjoying his day in court and arguing the summary judgment entered against him.

Appellant's right to appeal the final order of the trial court should not be prejudiced because he did not join with the buyers in their appeal. Such a joinder is only discretionary under App. R. 3(B).

Accordingly, the judgment of the court of appeals is reversed, and this cause is remanded to that court for further proceedings.

*Judgment reversed and*
*cause remanded.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES and C. BROWN, JJ., concur.

W. BROWN, J., concurs in judgment only.

HOFFMAN, J., of the Fifth Appellate District, sitting for J. P. CELEBREZZE, J.